FILED

2008 APR 15 AM 10: 38

U.S. MAGISTRATE JUDGE
BY_____

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA
-oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> PLAINTIFF, ) <br> vs. ) <br> ROGER VON BERGENDORFF, ) <br> DEFENDANT. ) | COMPLAINT <br> 2:08-mj-00246-PAL <br><br> VIOLATIONS: <br><br> COMPLAINT for violation of Title 18, United States Code, Section 175(b) - Possession of Biological Toxin; Title 26, United States Code, Sections 5861(d) and 5871 - Possession of Unregistered Firearms; Title 26, United States Code, Sections 5861(I) and 5871 - Possession of Firearms Not Identified by Serial Number. |

BEFORE the undersigned United States Magistrate Judge, Las Vegas, Nevada, the undersigned Complainant, being first duly sworn, states:

### Count 1

(Possession of Biological Toxin)

That, on or about February 14, 2008, in the State and Federal District of Nevada, the defendant, ROGER VON BERGENDORFF knowingly possessed a biological agent and toxin, to wit: ricin, of a type and quantity that, under the circumstances, was not reasonably justified by a prophylactic, protective, bona fide research, or other peaceful purpose, in violation of Title 18 United States Code, Section 175(b).

### Count 2

(Possession of Unregistered Firearms)

That, on or about February 14, 2008, in the State and Federal District of Nevada, the defendant, ROGER VON BERGENDORFF knowingly possessed firearms, that is, two (2) silencers, as defined in Title 26, United States Code, Section 5845(a)(7), which firearms were not registered to him in the

National Firearms Registration and Transfer Record (NFRTR) as required by Title 26, United States Code, Section 5841, in violation of Title 16 United States Code, Sections 5861(d) and 5871.

### Count 3

(Possession of Firearms Not Identified by Serial Number)

That, on or about February 14, 2008, in the State and Federal District of Nevada, the defendant, ROGER VON BERGENDORFF knowingly received and possessed firearms, that is, two (2) silencers, not identified by serial numbers as required by chapter 53 of Title 26, in violation of Title 26, United States Code, Sections 5861(I) and 5871.

(Facts in Support of the Complaint)

Complainant, as a Federal Agent of the Federal Bureau of Investigation, states the following as and for probable cause:

A. Your affiant is a Special Agent with the Federal Bureau of Investigation (FBI), employed as such since February 1990, currently assigned to the Las Vegas Field Office, Las Vegas, Nevada. Your affiant graduated from the New Agents Training Class at the FBI Academy in Quantico, Virginia. Prior to working for the FBI, your affiant earned a Bachelor's Degree in Communications from the California State Polytechnic University in Pomona, California.

B. Your affiant was told and determined the following facts and circumstances regarding this investigation.

1. On February 14, 2008, Roger Von Bergendorff (Bergendorff), date of birth December 25, 1950, who was residing at the Extended Stay America (ESA) Hotel, room 3700, in Las Vegas, Nevada, contacted emergency medical personnel and advised that he had problems breathing. Bergendorff was subsequently transported by ambulance to Spring Valley Hospital where he was declared critically ill with what appeared to be symptoms of congestive heart failure. He was placed on various medical life support apparatus.

2. On February 26, 2008, ESA personnel were preparing an inventory of the property in Bergendorff's room when they discovered several weapons. ESA personnel notified the Las Vegas Metropolitan Police Department (LVMPD). LVMPD officers responded and found two .25 caliber

semi-automatic pistols, a .22 caliber Ruger rifle and a .22 caliber Browning pistol with a silencer attached. A second silencer was also found with the Browning pistol. Also in the room, the officers observed an Anarchist's Cookbook, a collection of instructions on poisons and other dangerous recipes. A page containing the instructions on the preparation of ricin was marked or tabbed.

3. According to Jane's Chem-Bio Handbook, Ricin is a toxin made from the mash that is left over after processing castor beans for oil. The toxic effects of ricin occur because it kills the body cells that it contacts when it is taken into the body. Ricin, being a chemical compound, is also included on the Schedule I chemical's list for the Chemical Weapons Convention.

4. The LVMPD officers contacted the All Hazards Multi-Agency Regional Operations Response (ARMOR) group, a unit trained to handle all types of hazardous materials. In the early morning of February 27, 2008, pursuant to a duly authorized state search warrant, ARMOR personnel conducted a sweep of the room for hazardous materials. No ricin was detected and no items were taken.

5. On Thursday, February 28, 2008, after receiving a power of attorney from Erich Bergendorff (Roger Von Bergendorff's younger brother), ESA staff allowed Thomas Tholen (Roger Von Bergendorff's cousin) access to Roger Von Bergendorff's room. Later that afternoon, investigators received a call from Thomas Tholen who stated that while going through Bergendorff's belongings in the room, he found beans and a bag containing a beaker or flask and vial containing a yellow or white powder and hypodermic needles. Tholen had removed the items from the room and taken them to the manager's office. ARMOR personnel responded to the scene and presumptive tests of the powder indicated that it was positive for ricin. These tests were subsequently confirmed by the Southern Nevada Health District and tests by the Nevada National Guard Civil Support Team.

6. Tholen was re-interviewed by FBI agents and LVMPD detectives on February 29, 2008. Tholen provided the one-page Last Will and Testament allegedly signed by Bergendorff on January 28, 2007, and several accompanying documents given to him by Bergendorff. In the will, Bergendorff requests to "Tom, or whoever is closest to my storage unit; should go immediately and remove all of the valuables...otherwise the IRS or other entity might get them." One page contained a list of three

units identified as Unit E10, Unit E12, and Unit M21 with combination 0931 at Jordan Self Storage, 9528 Bagley Park Road, West Jordan, Utah 84088, (801) 282-2400. On another page titled RECORDS, the following is listed:

> TWO Safes
>
> Round combination is L 42 R 10 L 30
>
> Keypad combination is 0931 (This safe has some illegal and dangerous items in it.)

Two pages later, the following entry is listed:

> Browning Buckmark with intergal (sic) silencer

7.   During the course of the interview, Tholen stated that Bergendorff lived at Tholen's residence in Utah from approximately January 2005 through April 2006, staying in the unfinished basement of the house. Tholen stated that Bergendorff was basically indigent and was supported by the local congregation. During that time, approximately March or April of 2005, Bergendorff discussed the production of ricin with him and stated how easy it would be to make. Tholen had observed various publications in Bergendorff's belongings that detailed formulas or recipes for making dangerous substances. Several months later, in and around December 2005, Bergendorff showed him a vial or beaker containing a powder he believed to be ricin. Although he did not witness the production, Tholen believes that Bergendorff produced this ricin in his basement in Utah.

8.   Contact with employees at Jordan Self Storage confirmed that Bergendorff has three storage lockers at that location and that Bergendorff is the only person authorized to access those lockers. Company records indicated that the last time Bergendorff last accessed the lockers was approximately December 2007.

9.   On March 2, 2008, pursuant to a duly signed search warrant, searches were executed at Tholen's residence in Riverton, Utah, and at Bergendorff's storage lockers in West Jordan, Utah. The search of Tholen's residence was negative for any residue of ricin, however a mortar located in one of Bergendorff's lockers (M21) tested positive for ricin. Also located in the locker were numerous other items that could be used in the production of ricin including respirators, gloves, and various chemicals. Also recovered in locker M21 was a receipt dated June 17, 2002, from Bay Farms Services,

Inc., in Bay City, Michigan, for the purchase of castor bean seed. The purchaser was listed as Roger's Patio and Garden, 1868 Mountain Vista Way, Reno, Nevada 89509. Subsequent investigation indicates that Bergendorff resided at this address during 2002.

The address is currently a private residence and does not appear to be a business. Records checks for any business operating as Roger's Patio and Garden were negative. It appears that Bergendorff created a fictitious business name in order to conceal the purchase of the castor beans by a private individual, knowing that such purchase could potentially arouse suspicions. Also discovered in the search of Bergendorff's lockers was a drawing of what was described as an injection delivery device.

10. On March 7, 2008, tests conducted by the FBI determined that the material recovered from Bergendorff's room in Las Vegas, Nevada, contained 2.9% active ricin and the preparation was characterized as "crude".

11. On March 12, 2008, Bergendorff's condition improved to the point that he was alert, no longer on medication and his respirator had been removed. Bergendorff was interviewed in his room at Spring Valley Hospital and admitted to making ricin in Reno and Utah. Bergendorff also characterized the ricin he produced as "crude". Bergendorff stated that he did not have a plan to use it and said he experimented with a lot of things, even counterfeiting.

12. Bergendorff was again interviewed on March 13, 2008, and he confirmed that he made the ricin in Reno and possibly in the basement of his cousin, Thomas Tholen, in Utah. Bergendorff stated that Tholen did not participate in producing the ricin, but he could not recall if he showed the ricin to Tholen. Bergendorff confirmed that he researched ricin and castor beans on the internet utilizing his computer and that he obtained the Anarchist's Cookbook from the internet. Bergendorff characterized the production of ricin as an "exotic idea."

13. Bergendorff was interviewed again on March 14, 2008, at which time he detailed the method he used to produce the ricin. Bergendorff described a series of "mashings" of the castor beans with acetone and drying out the mash to remove the oil. Bergendorff stated he wore a mask and gloves when he was producing the ricin. Bergendorff stated that he could not specifically recall having the

ricin in his room in Las Vegas or the last time he actually saw the ricin. He stated that he believed he would have kept the ricin in a polypropylene container.

14.  Bergendorff was interviewed again on March 20, 2008, and stated that he first made ricin when he lived in San Diego, California, in the late 1990's. Bergendorff admitted that he ordered castor beans from a seed company when he lived in Reno with the intention of producing ricin, but he was not certain if he made ricin from those beans. Bergendorff also admitted that the hand-drawn depiction of an injection device disguised as a pen was his design and described it as "sick stuff."

15.  Bergendorff admitted that there have been people who have made him mad over the years and he had thoughts about causing them harm to the point of making some plans, however he maintained that he never acted on those thoughts or plans. Bergendorff said he showed his cousin, Thomas Tholen, the silencers and said he made them because they were fun. Bergendorff was proud of himself as a designer for being able to make them. Bergendorff knew that the silencers were legal as long as they were registered with ATF. Bergendorff listed a silencer in the list of possessions for disposition attached to his will in the event of his death.

16.  A National Firearms Act Registration and Transfer Record search reveals no firearms or silencers listed to Roger Von Bergendorff. When tested, the two silencers seized from Bergendorff's room at Extended Stay America functioned as designed and neither were identified by serial number.

_____
Christopher J. Byers, Special Agent
Federal Bureau of Investigation

SUBSCRIBED and SWORN to me on
this ___15th___ day of ___April___, 2008.

_____
UNITED STATES MAGISTRATE JUDGE
PEGGY A. LEEN

6